CASE NO. 25-11929-AA

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

**ALEXANDER CARTWRIGHT, MICHAEL JOHNSON,
NANCY MYERS, AND TOSHA DUPRAS,**
**Defendants/Appellants,**

v.

**CHARLES NEGY,**
**Plaintiff/Appellee.**

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### District Court Case No. 6:23-CV-00666-CEM-DCI

---

## APPELLANTS' RESPONSE TO THE COURT'S JURISDICTIONAL
## QUESTION

---

### GRAYROBINSON, P.A.

KRISTIE HATCHER-BOLIN, ESQ.
Florida Bar No.:  521388
One Lake Morton Drive
Lakeland, Florida 33801
(863) 284-2251 telephone
(863) 683-7462 facsimile

RICHARD L. BARRY, ESQ.
Florida Bar No. 360650
KATHERINE KATZ, ESQ.
Florida Bar No. 1022526
JULIE ZOLTY, ESQ.
Florida Bar No. 1036454
301 East Pine Street, Suite 1400
Orlando, Florida 32801
(407) 843-8880 telephone
(407) 244-5690 facsimile

*Attorneys for Appellants Alexander Cartwright, Michael Johnson, Tosha Dupras, and Nancy Myers*

i

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to 11th Cir. R. 26.1-1(a), Appellants certify the following is a complete list of the district court judges, attorneys, persons, associations of persons, firms, partnerships, corporations (including subsidiaries, conglomerates, affiliates, parent corporations, and any publicly held corporation owning 10% or more of the party's stock), and other identifiable legal entities related to a party that have an interest in this case.

1.   Allen Harris Law—Attorneys for Plaintiff/Appellee;

2.   Barry, Richard L.—Attorney for Defendants/Appellants;

3.   Butler, S. Kent—Defendant;

4.   Cartwright, Alexander—Defendant/Appellant;

5.   Dupras, Tosha—Defendant/Appellant;

6.   Engel, Joshua A.—Attorney for Plaintiff/Appellee;

7.   Engel & Martin, LLC—Attorneys for Plaintiff/Appellee;

8.   Goldstein Law Partners, LLC—Attorneys for Plaintiff/Appellee;

9.   GrayRobinson, P.A.—Attorneys for Defendants/Appellants;

10.  Harris, Samantha—Attorney for Plaintiff/Appellee;

11.  Hatcher-Bolin, Kristie—Attorney for Defendants/Appellants;

12.    Irick, Daniel C. – United States Magistrate Judge, Middle District of
Florida, Orlando Division;

13.    Johnson, Michael—Defendant/Appellant;

14.    Katz, Katherine W.—Attorney for Defendants/Appellants;

15.    Lauten, Jr., Frederick James—Mediator;

16.    Mendoza, Carlos E.—United States District Judge, Middle District of
Florida, Orlando Division;

17.    Myers, Nancy—Defendant/Appellant;

18.    Negy, Charles—Plaintiff/Appellee;

19.    Osborne, David R.—Attorney for Plaintiff/Appellee;

20.    Spradley, Susan T.—Former Attorney for Defendants/Appellants;

21.    The University of Central Florida Board of Trustees—Defendant;

22.    Zimmerman, Jason—Former Attorney for Defendants/Appellants;

23.    Zolty, Julie M.—Attorney for Defendants/Appellants;

## APPELLANTS' RESPONSE TO JURISDICTIONAL QUESTION

The appeal before this Court concerns claims *not* against the state, but against four individuals, Appellants Alexander Cartwright, Tosha Dupras, Michael Johnson, and Nancy Myers, based on their actions while serving as university administrators. This Court has jurisdiction to review the order denying them summary judgment on the sole remaining count in Appellee's Amended Complaint for First Amendment Retaliation (Count I). The order constitutes "an appealable interlocutory decision" because it denied Appellants summary judgment on the ground of qualified immunity, a narrow exception to the "final decision" rule. 28 U.S.C. § 1291.

This Court has jurisdiction to review the order because it "finally and conclusively determine[d] the defendant's claim of right not to stand trial on the plaintiff's allegations," leaving "no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred." *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985) (citations omitted). A denial "of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 530; *see also Hall v. Flournoy*, 975 F.3d 1269, 1275, 1277 (11th Cir. 2020). Whether an alleged violation contravened "clearly established statutory or constitutional rights of which a reasonable person would have known"

1

is "purely a question of law, as it requires analysis of an issue wholly distinct from the merits of the case: even if the events transpired in the way the plaintiff asserts, did the alleged misconduct amount to a violation of clearly established law?" *Hall*, 975 F.3d at 1277.

Appellants contend their conduct did not violate clearly established law given existing, governing precedent, and that the District Court erred in "defin[ing] clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Where the defendants' claim is "that their conduct did not violate [a constitutional right] and, in any event, did not violate clearly established law[,] . . . they raise legal issues." *Plumhoff v. Rickard*, 572 U.S. 765, 773 (2014).

Dr. Negy devotes a significant number of pages of his response rehashing his allegations against the individual defendants, even including an allegation against Dr. Butler, who is not a party to this appeal following the summary judgment entered in his favor. (USCA11 Doc. 18 at 10).  Notwithstanding any factual disputes that may exist, Appellants' challenge to the clearly established law determination addresses a pure question of law.  This Court has jurisdiction because "[a]ll [the Court] need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Mitchell*, 472 U.S. at 528.

**Appellant Nancy Myers**

Generally, Appellants contend the District Court erred in analyzing the legal question of whether Appellants' individual conduct violated clearly established law, applying a highly generalized statement of the law to all Appellants. For instance, Appellants contend it was not clearly established that Myers' investigation of complaints about Dr. Negy's classroom conduct, unrelated to his protected speech on Twitter, violated his First Amendment rights merely because Myers also received complaints about his tweets, through the Office of Institutional Equity ("OIE"). Nor was it clearly established that Myers conducted the investigation in a manner that violated Dr. Negy's constitutional rights, or that Myers' actions in investigating and recommending discipline up to and including termination to the decisionmakers (Cartwright, Dupras, and Johnson) rendered her a decisionmaker subject to liability based on his termination.

Appellants contend it was not clearly established that Myers was even a decisionmaker subject to individual liability. First, the District Court's order failed to identify any discriminatory animus by Myers based on Dr. Negy's speech. Second, the District Court misapplied the Cat's Paw theory to impose individual liability on Myers, as a recommender of disciplinary action, when the Cat's Paw theory is a means to impose liability on a decisionmaker based on the recommender's unlawful bias. *Stimpson v. City of Tuscaloosa*, 186 F.3d 1328,

1332 (11th Cir. 1999); *Llampallas v. Mini-Cirs., Lab, Inc.*, 163 F.3d 1236, 1245 (11th Cir. 1998).

Notably, the District Court granted Dr. Butler summary judgment because it concluded he was not a decisionmaker because he neither recommended termination, nor had the power to effectuate it. (Doc. 100 at 7). While the District Court correctly determined Dr. Butler was not a decisionmaker, it erred as a matter of law by concluding Myers was a decisionmaker subject to individual liability, though she lacked the power to effectuate the termination. It was not clearly established at the time of the events of this lawsuit that someone who merely recommends a range of disciplinary action can be held individually liable for First Amendment retaliation. *Montoya v. Morgan*, No. 3:16-CV-92-MCR/EMT, 2018 WL 4701795, at *17 (N.D. Fla. Sept. 30, 2018) ("It is not clearly established in this Circuit that a 'recommender' under the cat's paw theory can be individually liable under § 1983 for reporting performance deficiencies in a manner intended to result in a subordinate's termination.") (citing *Kamensky v. Dean*, 148 F. App'x 878, 880 (11th Cir. 2005) ("Nonetheless, Kamensky asks us to create a 'rubber stamp' exception to Quinn's 'decisionmaker' inquiry. . . . We have not extended this line of cases to individual liability, and refrain from doing so here.").

Rather, the District Court relied upon *Gilroy v. Baldwin*, 843 Fed. App'x 194, 196 (11th Cir. 2021), which was decided on January 29, 2021, <u>after</u> the

termination decision in this case, and, therefore, does not constitute clearly established law for purposes of qualified immunity. *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017). This Court in *Gilroy* did not even decide that the Cat's Paw theory applies in cases arising under Section 1983, but merely assumed it applied and found the theory inapplicable in the case before it. *See* 843 Fed. App'x at 197.

**Appellants Cartwright, Dupras, and Johnson**

Appellants Cartwright, Dupras, and Johnson likewise contend the District Court applied a highly generalized statement of the law on First Amendment retaliation in denying them summary judgment on the basis of qualified immunity. For instance, it was not clearly established that Appellants Cartwright's, Dupras', and Johnson's public statements disagreeing with Dr. Negy's speech, or publicly advising students where and how to complain about faculty classroom conduct, violated Dr. Negy's First Amendment rights and Dr. Negy has not cited anything to the contrary.

Appellants additionally contend it was not clearly established that these decisionmakers were precluded from terminating Dr. Negy based on the findings of the OIE report, even if Dr. Negy presented some evidence that they were motivated in part by his speech, and Dr. Negy has not cited anything to the contrary. Appellants maintain the District Court erred in analyzing the legal

question of qualified immunity under the cases it relied upon, including *Foy v. Holston*, 94 F.3d 1528, 1533 (11th Cir. 1996), where the defendants, like Appellants here, maintained "the record supports no finding of discriminatory intent."

This Court in *Foy* accepted that the plaintiffs "presented a triable issue of fact on whether Defendants were motivated by a hostility toward the [plaintiffs'] religion," resolved these disputes in the plaintiffs' favor, assumed the defendants' actions were motivated in some part by prejudice against the plaintiff's religion, and considered whether such motivations were "a bar to immunity." *Id.* at 1533-34 ("So, whenever a public officer is sued for money damages in his individual capacity for violating federal law, the basic qualified immunity question looms unchanged: Could a reasonable officer have believed that what the defendant did might be lawful in the circumstances and in the light of the clearly established law?"). The Court in *Foy* determined qualified immunity was appropriate because neither the plaintiffs nor the Court could point to any cases "which would have clearly established as a matter of law that child custody workers cannot act lawfully under these circumstances—even when we accept that the circumstances do include substantial prejudice by the officials against Plaintiffs on account of Plaintiffs' religious beliefs." 94 F.3d at 1536 ("[A] reasonable child custody worker could have considered Defendants' conduct arguably proper even if

6

Defendants were motivated in substantial part by unlawful motives[;] Defendants' conduct was objectively reasonable for the purposes of qualified immunity.").

Notwithstanding its citation of *Foy* and acknowledgment that having a mix of motives results in qualified immunity (Doc. 100 at 18), the District Court failed to resolve any factual disputes in Dr. Negy's favor, assume those facts as part of its analysis, and then determine whether the presence of such motivations were a bar to qualified immunity.  Rather, the District Court's analysis stopped short of determining whether it was clearly established that no university official could lawfully terminate Dr. Negy based on complaints of discriminatory conduct in the classroom, even if they were motivated in part by his speech, contrary to the direction provided in *Foy*. *Cf. Foy,* 94 F.3d at 1536 ("So, unless it was already clearly established when Defendants acted that no child custody worker could lawfully act—that is, do what Defendants did—to protect children in the circumstances of this case if the worker also acted, in part, out of hostility toward the parent's religion, Defendants are entitled to immunity.").

Additionally, the District Court's inconsistent analysis of clearly established law in Counts I and II implicates a purely legal issue regarding the determination of qualified immunity.  In particular, the District Court concluded, with respect to Count II, that Myers could not have been on fair notice that her actions were unconstitutional based on any decision from the Supreme Court, the Eleventh Circuit, or the Florida Supreme

Court, noting that Dr. Negy had provided no such authority. (Doc. 100 at 19). With respect to Count I, however, the District Court did not apply the same standard on clearly established law, notwithstanding the absence of authority placing any of the Appellants on notice that their individual conduct violated clearly established law.

Because Appellants' challenge to the District Court's determination of clearly established law presents a pure question of law, Appellants respectfully submit that this Court has jurisdiction to review the order on appeal.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was electronically filed on July 16, 2025 using the ECF system which will automatically transmit a copy to:

David R. Osborne, Esq.
Goldstein Law Partners, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
dosborne@goldsteinlp.com

Joshua Engel, Esq.
Engel & Martin, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
engel@engelandmartin.com

Samantha Harris, Esq.
Allen Harris PLLC
P.O. Box 673
Narberth, PA 19072
sharris@allenharrislaw.com
*Counsel for Plaintiff/Appellee*
*Charles Negy*

/s/ Richard L. Barry
**RICHARD L. BARRY, ESQ.**
Florida Bar No. 360650
Richard.Barry@gray-robinson.com
Lead Trial Counsel
**KATHERINE W. KATZ, ESQ.**
Florida Bar No. 1022526
Katherine.Katz@gray-robinson.com
**JULIE M. ZOLTY**
Florida Bar No.: 1036454
Julie.Zolty@gray-robinson.com
**GRAY ROBINSON, P.A.**
Post Office Box 3068
Orlando, Florida  32802-3068
Telephone:  (407) 843-8880
Facsimile:   (407) 244-5690

/s/ Kristie Hatcher-Bolin
**KRISTIE HATCHER-BOLIN**
Florida Bar No. 521388
Kristie.Hatcher-bolin@gray-robinson.com
**GRAY ROBINSON, P.A.**
Post Office Box 3
Lakeland, Florida 33802-0003
Telephone: (863) 284-2251
Facsimile: (863) 683-7462
*Counsel for Defendants/Appellants
Cartwright, Dupras, Johnson, and
Myers*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface, type style, and type-volume limitations of Fed. R. App. P. 32, in that this document contains 1,704 words, according to Microsoft Word, excluding those sections listed in Fed. R. App. P. 32(f).

/s/ Kristie Hatcher-Bolin
KRISTIE HATCHER-BOLIN
Florida Bar No. 521388